UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 23-2691(DSD/ECW)

Craig Dibble,

        Plaintiff,

v.                                   **ORDER**

Torax Medical, Inc. and
Ethicon, Inc.,

        Defendants.

      Paul K. Dueffert and Dueffert Gilbertsen PPLC
      1518 K Street, N.W. Suite 500, Washington, DC 20005
      for plaintiff.

      Travis John Adams and Melchert Hubert Sjodin, PA, 121 W. Main Street, Suite Unit 200, Waconia, MN 55387 for plaintiff.

      Brandie l. Morgenroth and Kirsten Pagel and Nilan Johnson Lewis PA, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401 for defendants.

This matter is before the court upon the motion to dismiss by defendants Torax Medical, Inc. and Ethicon, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion on the basis of forum non conveniens.

**BACKGROUND**[1]

This product liability action arises out of the failure of plaintiff Craig Dibble's LINX Reflux Management System, which was

---

[1] The court will set forth only those allegations required to resolve the narrow issue presented.

manufactured, marketed, and distributed by defendants. The LINX device is designed to treat gastroesophageal reflux disease (GERD). Compl. ¶ 6.

Dibble is a citizen of the United Kingdom and has been a resident of Japan since 1994. Id. ¶ 7. Defendant Torax is a Delaware corporation with its principal place of business in Ohio.[2] Id. ¶ 2. Defendant Ethicon is a New Jersey corporation with its principal place of business also in New Jersey. Id. ¶ 3. Torax is a subsidiary of Ethicon. Id. ¶ 15.

On May 14, 2016, a surgeon in the UK implanted a LINX device in Dibble to address his GERD symptoms. Id. ¶¶ 11-13. The surgery was successful and Dibble's discomfort resolved almost completely. Id. ¶ 14.

In August 2018, Dibble's UK doctor advised him that Torax had initiated a safety notice indicating that certain LINX devices, including those in the same batch as Dibble's, were failing. Id. ¶ 15. Dibble did not begin to have any indication of device failure until the summer of 2020, when his GERD symptoms reappeared. Id. ¶¶ 17-20. Due to the nature of his symptoms, and knowing about the safety notice, Dibble underwent a barium swallow

---

[2] Torax was headquartered in Minnesota until it moved to Ohio on August 24, 2023. See https://businesssearch.ohiosos.gov/ (last visited Jan. 26, 2024).

exam in Japan to determine whether the device was still working. Id. ¶ 21. The exam revealed that the LINX device had failed. Id. ¶ 22.

Dibble ultimately scheduled a LINX device replacement surgery in Colorado in March 2021.[3]  Id. ¶ 32. The second device failed to work as well as the original, however. See id. ¶¶ 35-38. Dibble underwent tests and treatments in Thailand and the UK to try to resolve the issue but he continues to suffer from painful GERD symptoms. Id. ¶¶ 39-45.

Dibble commenced this action on August 31, 2023, alleging negligence, negligence per se, and strict liability. Defendants now move to dismiss on the basis of forum non conveniens.

## DISCUSSION

Defendants argue that this case should be dismissed on the principle of forum non conveniens because the case turns on events occurring outside of Minnesota. The only connection this case has to Minnesota is that Torax was formerly headquartered here.

"The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are

---

[3] Challenges posed by the COVID-19 pandemic, which prevented him from returning to the UK, led Dibble to travel to Colorado for surgery. Id. ¶¶ 24, 28-30.

3

proper,[4] on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." Mizokami Bros. of Ariz., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 717 (8th Cir. 1981) (citations and internal quotation marks omitted). "The defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 598 (8th Cir. 2011) (citations and internal quotation marks omitted).

In assessing whether dismissal on this basis is appropriate, the court must first determine whether an adequate alternative forum is available to hear the case. Reid-Walen v. Hansen, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991).  If the court determines that an adequate, alternative forum exists it "must then balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution." de Melo v. Lederle Labs., 801 F.2d 1058, 1060 (8th Cir. 1986).

---

[4]  Here, the parties do not dispute that jurisdiction and venue are proper.

4

"Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference" than a plaintiff suing in his home state. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981)

### A. Adequate and Available Forum

Defendants argue that the United Kingdom is an adequate and available forum for this case. The court agrees.

An alternative forum is generally considered to be "available" when the defendant is "amenable to process" there. Piper, 454 U.S. at 254 n.22. Defendants have consented to jurisdiction in the United Kingdom and have agreed to service of process. As a result, the United Kingdom is an available forum.

"Where the alternative forum offers a remedy for the plaintiff's claims, and there is no danger that she will be treated unfairly, the foreign forum is adequate." de Melo., 801 F.2d at 1061. Defendants have provided sufficient unchallenged facts and authority to establish that the English judicial system will provide a fair and meaningful forum for this dispute. See ECF No. 19, at 6-7. The court therefore also finds that the alternative forum is adequate.

### B. Private Factors

The court next weighs private factors including access to sources of proof, availability of witnesses, and enforceability of the judgment in assessing dismissal under forum non conveniens. See K-V Pharm., 648 F.3d at 597. Here, those factors overwhelmingly favor dismissal. Most if not all of the facts underlying this case occurred in the UK or elsewhere outside of Minnesota – Japan, Colorado, Thailand. As such, relevant documents and witnesses will be found outside of Minnesota. The fact that Torax was headquartered here is functionally irrelevant. First, corporate witnesses and documents are no longer present in this state. Second, defendants have agreed to make witnesses and documents under their control available in any UK litigation. As to the enforceability of a UK judgment, Dibble has raised no concerns, and the court is unaware of any challenges, in that regard.

### C. Public Factors

Public factors relevant to this matter include judicial economy and the preference of having local controversies decided by local courts. See Piper, 454 U.S. at 241 n.6. Here, again, the court finds that these factors favor dismissal. The parties raise no concerns regarding judicial economy in either this court or in a UK court. With respect to the locality of the controversy,

6

the court finds that the UK has a far greater connection to and investment in the case. As noted, most if not all of the material facts occurred in the UK or elsewhere outside of Minnesota. Further, Dibble is a UK citizen and at least some of his family still lives there. This is simply not a controversy local to Minnesota.

As a result, the court concludes that the relevant factors weigh strongly in favor of dismissal on the basis of forum non conveniens. The court declines Dibble's request to amend his complaint to add more facts tying this case to Minnesota. The record and the arguments made at the hearing in this matter convince the court that such an amendment would be futile.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 17] is granted; and
2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 29, 2024

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court